Before the First Division, November 5, 1953

No. 57585.—Koeller Struss Co. v. United States, protest 151936–K (St. Louis).

Oliver, Chief Judge: This case relates to brass-wind musical instruments, identified as trumpets, cornets, trombones, and sousaphones, which were assessed with duty at the rate of 28 per centum ad valorem under paragraph 1541 (a) of the Tariff Act of 1930, as modified by T. D. 51802 and T. D. 51898. They are claimed to be dutiable under said paragraph, as modified by T. D. 51802, at only 20 per centum ad valorem. Paragraph 1541 (a), as modified by T. D. 51802 and T. D. 51898, so far as pertinent to the present case, reads as follows:

1541 (a) Musical instruments and parts thereof, not specially provided for (except cymbals, organs, pianos, paino-accordions, stringed instruments, harmonicas, and music boxes, and parts of any such instruments):

 Wood-winds, and parts thereof _____ 20% ad val.
 Brass-winds with cup mouthpieces, not including parts _____ $2 each, but not less than 20% nor more than 30% ad val.

\* \* \* \* \* \* \*

 Other (except concertinas and other accordions), and parts thereof, not specially provided for _____ 28% ad val.

Plaintiff concedes that the articles in question are brass-wind instruments and that they were imported "without the mouthpieces." It is contended, however, as stated by counsel in its brief, that the provision for "Brass-winds with cup mouthpieces, not including parts" does not contemplate that the cup mouthpiece must accompany the instrument "so long as it is designed to be played with a cup mouthpiece."

The sole witness was the president of the importing corporation, the St. Louis Music Supply Co., engaged in the importation and wholesaling of musical instruments and accessories. His uncontradicted testimony is to the effect that among the several classes of musical instruments are included wood winds and brass winds. Both types are operated by wind from the lungs, the distinguishing feature between them being the type of mouthpiece employed. The wood wind uses a reed mouthpiece (plaintiff's illustrative exhibit 2). The brass wind employs a cup mouthpiece (plaintiff's illustrative exhibit 1). Although brass-wind instruments may be sold with or without cup mouthpieces, a brass-wind instrument will not function as a musical instrument without being fitted or equipped with such a mouthpiece.

To support plaintiff's position, counsel in its brief argues as follows:

We contend that when the President added the phrase "with cup mouth-pieces" to the words "brass-winds" he did so to make sure that the terms "wood-winds" and "brass-winds" were not misconstrued.

The contention is wholly untenable in view of plaintiff's testimony establishing that cup mouthpieces are never used on wood-wind instruments but are exclusively employed on brass winds. Furthermore, paragraph 1541 (a), as modified, supra, under which the present issue arises, specifically provides for both wood winds and brass winds, indicating very definitely the recognition by the trade agreement negotiators of a distinction between the two classes of musical instruments.

To sustain plaintiff's contention would extend the scope of the provision for brass-wind instruments beyond the clear and unambiguous language of the statute. The phrase "with cup mouthpieces" is a positive limitation that restricts the provision to only those brass-wind instruments which, at the time of importation, are already fitted with cup mouthpieces. Since plaintiff concedes that the articles in question were "without the mouthpieces" in their imported condition, they are, therefore, excluded from the provision under which classification is claimed.

The case of United States v. L. Oppleman, Inc., 28 C. C. P. A. (Customs) 298, C. A. D. 158, cited by plaintiff, is distinguishable from the present one. There, the merchandise consisted of small organs, composed principally of wood, which were operated by a bellows that was fed with air by means of pedals. The collector classified the organs under the provision in paragraph 1541 (a) of the Tariff Act of 1930 for "Musical instruments and parts thereof, not specially provided for * * * 40 per centum ad valorem." The importer sought classification under said paragraph, as modified by T. D. 48316, as wood-wind musical instruments. In sustaining the collector's classification, the court found "that there is a very distinct line of demarcation between what is generally and commonly known as wood-wind musical instruments and the imported merchandise." The cited case does not support the claim alleged by plaintiff herein.

The protest is overruled and judgment will be rendered accordingly.